## WALTER S. GARDNER *vs.* CYRUS DYER.

Under the new practice act, (*St.* 1852, *c.* 312,) a declaration in slander is sufficient, which alleges that the defendant publicly, falsely and maliciously charged the plaintiff of the crime of perjury, by words spoken of the plaintiff substantially as follows: ' He has been to New Bedford, and sworn to a pack of damned lies;' and that the plaintiff, at a certain term of court holden at New Bedford, was summoned and attended as a witness in the case of a certain libel for divorce, and did before a certain judge of said court testify as a witness under oath; and that it is to this subject that the defendant's malicious declarations refer.

ACTION OF TORT for slander. Writ dated March 6th 1854. The declaration was thus : " And the plaintiff says, the defendant publicly, falsely and maliciously charged the plaintiff of the crime of perjury, by words spoken of the plaintiff substantially as follows, viz : ' Walter has been to New Bedford, and sworn to a damned pack of lies ; ' ' Walter has been to New Bedford, and sworn to a pack of damned lies.' And the plaintiff says, that during a term of the supreme judicial court for the county of Bristol, holden at New Bedford in said county in the month of November last past, and by adjournment in the month of February last, he, the plaintiff, was summoned as a witness in the case of a libel for divorce, pending in said court between Phebe L. Gardner and Johnson Gardner, and that in obedience to said summons he did attend said court at said November term, and did in said case of libel, before the Hon. P. Merrick, one of the judges of said court, testify as a witness, having been first sworn to testify in said matter to the truth, and being so under oath as a witness as aforesaid he did swear, and it is to this subject the defendant's malicious declarations refer."

The defendant demurred, because the facts stated did not in point of law support the action.

*L. F. Brigham,* for the defendant. 1. The alleged slanderous words do not charge or impute the crime of perjury, and are not in themselves actionable. *Hopkins* v. *Beedle,* 1 Caines, 347. *Ward* v. *Clark,* 2 Johns. 10. *Van Vechten* v. *Hopkins,* 5 Johns. 211. *Bullock* v. *Koon,* 9 Cow. 30. *Chapman* v. *Smith,* 13 Johns.

78. *Barger* v. *Barger*, 18 Penn. State R. 489. *Watson* v. *Hampton*, 2 Bibb, 319. *Sibley* v. *Marsh*, 7 Pick. 38.

2. The words are not accompanied by such averments, colloquium and innuendo as are necessary to constitute a sufficient declaration of a cause of action upon words not in themselves actionable. (1.) For there is no averment that the plaintiff was a witness in a judicial proceeding in a court having jurisdiction of such proceeding. *Stafford* v. *Green*, 1 Johns. 505. *Ward* v. *Clark*, 2 Johns. 10. *Vaughan* v. *Havens*, 8 Johns. 109. (2.) Nor that the plaintiff was a witness in matter material in such judicial proceeding. *Chapman* v. *Smith*, 13 Johns. 78. *Bullock* v. *Koon*, 9 Cow. 30. (3.) The colloquium does not state words spoken in relation to any court, judicial proceeding, fact or evidence of the plaintiff. *Van Vechten* v. *Hopkins*, 5 Johns. 211. *Hopkins* v. *Beedle*, 1 Caines, 347. *Pelton* v. *Ward*, 3 Caines, 73. *Watson* v. *Hampton*, 2 Bibb, 319. (4.) The innuendo does not designate any fact, nor state any sense, meaning or explanation of the words spoken, from which the court may determine that the same were actionable and charged or imputed perjury. *Watson* v. *Hampton*, 2 Bibb, 319. *Van Vechten* v. *Hopkins*, 5 Johns. 211. *Pelton* v. *Ward*, 3 Caines, 73.

*E. Ames*, for the plaintiff. If the words, " in making statements material to the issue," had been added to the words alleged to have been spoken by the defendant, the words would have necessarily conveyed to the mind of the hearer an imputation of perjury, and would have been actionable of themselves. *Fowle* v. *Robbins*, 12 Mass. 498. *Pelton* v. *Ward*, 3 Caines, 73. *Niven* v. *Munn*, 13 Johns. 48. *Stone* v. *Clark*. 21 Pick. 51. Yet the words suggested would not have enlarged the meaning beyond what would be implied without them. *Power* v. *Price*, 16 Wend. 450, and 12 Wend. 500. *Coons* v. *Robinson*, 3 Barb. 625. *Stone* v. *Clark*, 21 Pick. 54. *Butterfield* v. *Buffum*, 9 N. H. 156.

Under the new practice act, only the substantive facts necessary to constitute the cause of action need be stated, without unnecessary verbiage and with substantial certainty. *St.* 1852, c. 312, § 2, *cl.* 3. And by § 84 the forms annexed to the act

may be used, among which are the following form and note " *Slander.* And the plaintiff says, that the defendant publicly, falsely and maliciously accused the plaintiff of the crime of perjury, by words spoken of the plaintiff substantially as follows. [Here set forth the words. No innuendoes are necessary. If the natural import of the words is not intelligible without further explanation or reference to facts understood but not mentioned, or parts of the conversation not stated, in either of those cases, after setting forth the words, the declaration should contain a concise and clear statement of such things as are necessary to make the words relied on intelligible to the court and jury in the same sense in which they were spoken.] "

DEWEY, J. It is quite unnecessary to examine minutely whether, under the former mode of declaring in actions of slander, this declaration would have been deemed sufficient; for the new practice act fully sanctions and authorizes this form of declaring.      *Demurrer overruled.*